IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STEVEN BARNES                                                                                    PETITIONER

v.                                                                                       NO.: 2:13-cv-177-KS-MTP

RONALD KING                                                                                    RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Steven Barnes for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [6] pursuant to 28 U.S.C. § 2244(d).  Having considered the submissions of the parties, along with the documents made a part of the record and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [6] be granted and that the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On or about January 18, 1995, Petitioner was convicted of armed robbery in the Circuit Court of Covington County, Mississippi, and sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. (Motion to Dismiss [6] Ex. A.)  Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals.  On September 23, 1997, the court of appeals, in a written opinion, affirmed the trial court's judgment. ([6] Ex. C.)  On March 19, 1998, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. ([6] Ex. G.)  Based on a review of the record and a review of the United States Supreme Court's automated docket system,[1] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

---

[1] *See* http://www.supremecourt.gov/docket/docket.aspx (last visited March 24, 2014).

1

More than ten years later, on June 23, 2008, Petitioner filed a motion for post-conviction collateral relief in the Mississippi Supreme Court. ([6] Ex. H.)[2]  On July 29, 2008, the Supreme Court denied the motion as time-barred, holding that here was no merit to Petitioner's "assertion that he has newly discovered evidence that was not discoverable at the time of his trial." ([6] Ex. I.)  On January 31, 2013, Petitioner filed a petition for writ of mandamus in the Mississippi Supreme Court. ([6] Ex. J.)  On February 12, 2013, the Supreme Court dismissed the petition. ([6] Ex. K.)  On March 20, 2013, Petitioner filed his second motion for post-conviction collateral relief in the Mississippi Supreme Court. ([6] Ex. L.)  On May 9, 2013, the Supreme Court denied the motion. ([6] Ex. M.)

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about August 14, 2013.[3]  Respondent contends that the Petition was not timely filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435

---

[2] The motion was signed by Petitioner on June 23, 2008.  The motion was stamped "filed" on June 30, 2008.  Weighing all doubts in Petitioner's favor, the Court will use the earliest date, June 23, 2008.

[3] The Petition was signed on August 14, 2013, and stamped "filed" in this Court on August 20, 2013.  "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Weighing all doubts in Petitioner's favor, the Court will use the earlier date, August 14, 2013.

(5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Thus, the expiration of the time for review includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On March 19, 1998, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. ([6] Ex. G.) Accordingly, Petitioner's judgment became final–and the statute of limitations for habeas relief began to run–on June 17, 1998 (March 19, 1998, plus 90 days). Petitioner was required to file his federal habeas petition by June 17, 1999, unless he was entitled to statutory or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his petition on August 14, 2013, more than *fifteen* years after his judgment became final.

**Statutory Tolling**

Whether statutory tolling occurred during the period between the judgment becoming final on June 17, 1998, and Petitioner filing the federal habeas petition on August 14, 2013, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

Petitioner filed a motion for post-conviction relief in the state court on June 23, 2008, more than ten years after his judgment became final. ([6] Ex. H.) The limitation period expired more than nine years before Petitioner filed a motion for post-conviction relief. Therefore, Petitioner's motion for post-conviction relief did not toll the limitation period.

Petitioner alleges that he has newly discovered evidence in the form of an affidavit, dated

March 1, 2007, from Perry King.  King, along with Petitioner, participated in the underlying armed robbery.  Petitioner's evidence invokes the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D) provides that the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

King's affidavit is not "new" in the sense that the information contained therein was available to Petitioner throughout trial. *See Lucas v. Johnson*, 132 F.3d 1069, 1075 n. 3 (5th Cir. 1998) (noting that "new" evidence must be evidence which, *inter alia*, the petitioner could not have discovered through due diligence).  Petitioner is not entitled to statutory tolling.

However, even if the Court were to accept the affidavit as "newly discovered evidence" under the factual predicate exception, Petitioner's habeas petition is untimely.  Petitioner does not specify the date he became aware of the affidavit, but it is evident that Petitioner was aware of King's affidavit sometime before June 23, 2008, when he signed his motion for post-conviction relief in the state court, in which he discusses King's affidavit. ([6] Ex. H.)  On July 29, 2008, the Mississippi Supreme Court denied the motion. ([6] Ex. I.)  At the latest, the one-year limitation period began to run on July 29, 2008.  Petitioner was required to file his habeas petition within one year from that date.  Petitioner did not file his habeas petition until August 14, 2013.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in "rare and

exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott*, 192 F.3d at 513. Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner claims he is entitled to equitable tolling because King's affidavit demonstrates the he is actually innocent. Although actual innocence is not a stand-alone basis for relief, it can be a "gateway to defaulted claims" if Petitioner can establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006). A habeas action, however, is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come . . . before the habeas court with a strong–and in the vast majority of the cases conclusive–presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326 (1995)). The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, "but rather that no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329.

The affidavit presented by Petitioner "must be considered in light of the proof of petitioner's guilt at trial . . . ." *Herrera v. Collins*, 506 U.S. 390, 418 (1993). The evidence presented at trial demonstrated the following:

> On November 22, 1994, Barnes and a companion, Perry King, escaped from the Covington County Jail. The following day, they drove to Mrs. Burnham's (the victim) house. Barnes asked Mrs. Burnham if he could come in and use the telephone. Although she did not know either of the men, she agreed to let Barnes enter her home and use her telephone. King then asked Mrs. Burnham for a drink of water. She allowed him to go inside and get some water from the kitchen. A few minutes later, Barnes and King came back out of the house. As they were leaving, Barnes grabbed Mrs. Burnham by the arm and asked for her money. He then held a gun to her head while King went back into the house to look for her purse. King was unable to find the purse, so he and Barnes took Mrs. Burnham into the house. After forcing her to give them the purse, Barnes shoved Mrs. Burnham into a chair, told her not to move, and left with King.

([6] Ex. C.)

At trial, Mrs. Burnham identified Petitioner as the perpetrator who held a gun to her head. ([6] Ex. C.) In his affidavit, King states that he held a gun to Mrs. Burnham's head and that Petitioner was not armed. ([1] Ex. 2.) King also states that Petitioner had no knowledge that King was armed or that he planned to use the firearm. ([1] Ex. 2.)

As previously mentioned, King's affidavit is not "new" evidence. The information contained in the affidavit was available to Petitioner throughout trial. *See Lucas*, 132 F.3d at 1075 n. 3. Even if the Court were to consider the affidavit as new evidence, it does not satisfy the burden of showing that no reasonable juror would have found Petitioner guilty. Had this sort of testimony been offered at trial, it could have been weighed by the jury, along with the evidence offered by the State, in deliberating upon its verdict. King's testimony, at best, contradicts the clear testimony of the victim.[4] The jury would have been required to weigh

---

[4] The court of appeals pointed out that "Mrs. Burnham had ample opportunity to observe Barnes during the robbery. The robbery occurred at approximately 2:30 in the afternoon, thus Mrs. Burnham had plenty of light by which to see Barnes. There can be no doubt that she was giving her full attention to Barnes at the time she was being robbed, and there was no discrepancy between Mrs. Burnham's description of Barnes and his actual description. Mrs. Burnham was unequivocal in her in-court identification." ([6] Ex. C.)

credibility to determine whether there was reasonable doubt about Petitioner's guilt. The affidavit demonstrates that reasonable doubt *might* have been found, but it fails to demonstrate that no reasonable juror would have found him guilty. *See Bosley*, 409 F.3d at 665. Accordingly, the affidavit does not reach the level of certainty required in habeas cases to question the finality of state court judgments.

Moreover, even if King's testimony were true, Petitioner would not be "actually innocent." Petitioner assumes that he cannot be guilty of armed robbery if he was not the person who actually brandished the weapon. The law is clear, however, that an accomplice to armed robbery is as guilty as the principal. *McCuiston v. State*, 791 So. 2d 315, 317 (Miss. App. 2001) ("[A]ny individual who is present during the commission of a crime and aids, counsels, or encourages another in the execution of that offense is an 'aider and abettor' and is as guilty as the principal offender.")

Petitioner also asserts that "[i]t was not until 2012 that [he] learned to read and write well enough to even begin drafting pleadings for court." ([2] at 5.) The Fifth Circuit has made clear that equitable tolling applies principally where a habeas petitioner has been actively misled by the state about his cause of action or has been prevented in some extraordinary way from filing for relief. *See Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Petitioner has made no showing that he was actively misled or prevented in some extraordinary way from filing his habeas petition prior to the one-year deadline. Additionally, Respondent has come forward with an affidavit from the director of the Inmate Legal Assistance Program, stating that "illiterate inmates are given particular attention in explaining the court process, determining at what stage they are in their appeals, post conviction, etc., and assisting them in the drafting of their

pleadings." ([6] Ex. N.)  Petitioner is not entitled to tolling based on his alleged illiteracy. *See Wells v. King*, 2012 WL 1906420, *2 (S.D. Miss. May 1, 2012) (holding that a petitioner's alleged mental illness and illiteracy did not warrant equitable tolling); *U.S. Polbo-Torres*, 2005 WL 81725, *2 (N.D. Tex. Jan. 13, 2005) ("Inability to speak or read the English language is a disability common to many incarcerated persons and as such it does not warrant equitable tolling.")

## CONCLUSION

Petitioner's state court conviction became final on June 17, 1998.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition by June 17, 1999.  Petitioner filed his petition on January 24, 2013.  Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate.  Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [6] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 28th day of March, 2014.

s/ Michael T. Parker  
United States Magistrate Judge